Turley, J.
delivered the opinion of the court.
This is an action of trespass brought by Peter Sweeper, a free man of color, to recover damages against William Woodfolk for having wrongfully detained him in slavery. Peter Sweeper brought his action of trespass to recover his freedom, against said Woodfolk, on the 7th day of September, 1835, and finally succeeded in gaining it on the 6th day of December, 1838. After thus establishing his right to freedom, the present action was brought, and prosecuted to a judgment for the sum $743 30, at the November term, 1839, of the circuit court of Jackson, to reverse which, this writ of error was brought. In the charge, the court say to the jury, “that the plaintiff is entitled to recover as damages, 1st the value of his services for the time the defendant wrongfully held him in bondage; 2ndly, the expenses necessarily incurred in reepyering his freedom; a reasonable allowance is to be made for his attorney’s fees,” and it is insisted by the counsel for the plaintiff in error, 1st, that none but nominal, damages can be given in the case of a suit for freedom; 2ndly, that if more can be given, it ought to have been done by the jury in the suit brought to establish the right to freedom, and that no second suit can be brought therefor, and 3dly, that the charge of the judge is erroneous. Upon the first point the counsel cites and relies, upon the case of Pleasants vs. Pleasants, 2 Call. Rep. 219. That was a case of proceeding by bill in chancery, by a man of color, to establish a right to freedom; a decree for profits was asked on the part of the complainant, upon which judge Roane said: “The decree for profits, is, I think, new and unprecedented; besides the account, when the reduction for the trouble and expense of taking care of the aged and infirm, and for rais *95 ing the children' is' made, would probably yield very little; under every point of view, therefore, I‘am against the account.”
We think'this view' of judge Roane is correct; we agree with him; that'profits for the time a free man of color has been wrongful!^ held' in "slavery, is not the subject' matter of account; they arise oiit’of a tort;-sound in damages, and can only be recovered' by air appropriate'action. A man may' establish his right to freedom,-by bill in- equity, but mtisf recover damages for his false imprisonment' by' afction of trespass. In the case of Scott vs. Williams, 1 Dev. N. Carolina Rep. 376, the jury gave more than nominal damages, and the court of . errors and appeals refused a new trial, saying that the jury had a discretion to do so, under the circumstances of the casé.’ The’2nd point involves a mere question of practice, -and as'wé find’it, we will leave .it. The courts of different States may- fix'it differently, according to what is believed to be the best móde'of proceeding. In North Carolina, in the case just’referred'to,' damages other than nominal were' given by the jury, in the siiil' brought to establish the right to freedom, and judgment was given for'them. In‘Virginia, in the case of Coleman vs. Dick and Sal, 1 Wash. Rep. 233, the court of appeals held that different' persons' may unite as plaintiff’s in an action of trespass tp'try=a: right to feéedom, although, in common cases of personal tort they- cannot, for the court says, such actions are merely ficti-cious and aré 'very properly in this respect likened-to actions of ejectment, and if'many''persons may unite as plaintiff’s, to try a joint -right to land,;n'o good reason can be given why they may not unite to try a joint right to freedom. The same principle of practice ;is 'establisheds by the supreme court of Tennessee, in the case of Harris vs. Clarissa, 6 Yer. Rep. 227.
In the case of Matilda vs. Crenshaw, 4 Yer. 299, it is held that the consequence of considering a suit to try the right to freedom merely fictitious, and in the nature of an action of ejectment, is, that merely nominal damages are recovered, and that a second suit must be brought to recover the actual damages, to which the first cannot be plead in bar. We are satisfied with this case, we see no reason for changing the practice, but on the contrary, believe it to be greatly better, than to mingle up in one suit a contest for the right'of liberty, and damages for a violation of it.
On the 3d -and last point, wé are of opinion with the plaintiff in efror. We think the court erred, in saying to the jury that the *96 plaintiff was entitled to recover as damages the value of his services' for the time he was wrongfully imprisoned, the necessary expenses incurred in recovering his freedom, and a reasonable allowance for his attornies fees. The error consists in the use of the word “entitled,’•’ which imports a legal right, and leaves the jury no discretion as to the amount of damages, but really makes it a matter of account, which we have just said, it cannot be. It must stand like all other cases of like kind, subject for the amount of damages to the discretion of the jury. It was proper in evidence to show the time plaintiff was falsely imprisoned, the value of his labor, the expenses he had been put to in obtaining his freedom, &c. And the Judge should have said to the jury, that these were legitimate things to be considered of by them in assessing the damages. •It is obvious, that in this point the court below was misled by the case of Matilda vs. Crenshaw. That was a case agreed, and by the agreement it appeared that the annual value of Matilda was $20, and that she had necessarily expended $50, in establishing her fredom, for which sum’s it was agreed judgment might be given, if the court thought she was entitled to recover. In as much as proof upon these points could have been heard in aggravation of damages, and the jury might have given the whole, the court determined it should be done, upon the case agreed, and judgment was given accordingly. But this is no determination that a jury is bound to make a full allowance. The defendant may introduce circumstances of mitigation, viz: His ignorance of the plaintiff’s right to freedom; his uniform kindness to him in sickness and in health, and many other things, which the jury would have the right to take into consideration, and would often prevent their giving, what might otherwise be considered the full measure of justice. The case will be reversed, and remanded for a new trial.